Bonnie K. WILLIAMS *v.* Sue WALKER

CA 01-1092                                   72 S.W.3d 131

Court of Appeals of Arkansas
Division IV
Opinion delivered April 10, 2002

*Wilson & Valley*, by: *E. Dion Wilson*, for appellant.

*Walter A. Kendel, Jr.*, for appellee.

JOSEPHINE LINKER HART, Judge. A jury awarded appellee, Sue Walker, $2,700 in damages for medical expenses incurred after Walker, a passenger in a pick-up truck, was injured when the truck was struck in the rear by a car driven by appellant, Bonnie K. Williams. On appeal, appellant contends that the trial court erred in allowing appellee to present evidence of $2,934.60 in medical expenses because appellee did not lay an adequate foundation for the admission of her medical bills by presenting testimony from a physician or other medical expert establishing both the reasonableness and necessity of the medical expenses. We affirm.

Appellee testified that the rear impact caused injury to her back and also caused her ear to hit the side window. She was taken by ambulance to Helena Regional Medical Center where she was examined by a physician. X-rays were taken of her head and back, and she was given a shot for pain. After leaving the hospital, she continued to have pain in her neck and back. The next day, she went to see her family physician, who examined her head, back, and neck. The doctor took more x-rays, prescribed medication, and referred her to a third doctor, whom she saw the same day for physical therapy. Based on the doctor's advice, she continued to see him for physical therapy two to three times a week for two or three months afterwards. That doctor referred her to a doctor in Little Rock because she was having trouble with her head and ear. She was treated at an orthopedic clinic and University Hospital and again received x-rays and was given drops for her ear. She was also referred to a physician in Memphis, who read her x-rays. At trial, she introduced into evidence hospital, physician, and pharmacy bills totaling $2,943.60 that she testified were related to the accident.

Appellant argues that the trial court erred by allowing appellee to introduce into evidence the medical bills because

appellee did not lay an adequate foundation for the admission of her medical bills by presenting testimony from a physician or other medical expert establishing that the medical expenses were for treatment of injuries sustained in the accident and that the treatment and the expenses were both reasonable and necessary. This issue has been addressed by the appellate courts in this state on several occasions. In one recent opinion, the Arkansas Supreme Court stated that a person seeking recovery of medical expenses has the burden of proving the reasonableness and necessity of the expenses. *Avery v. Ward*, 326 Ark. 829, 833, 934 S.W.2d 516, 519 (1996). In *Avery*, the court, quoting with approval an earlier supreme court decision, stated that while the testimony of an injured party can provide a sufficient foundation for the introduction of medical expenses incurred, expert testimony would normally be required in certain circumstances. Those circumstances included instances where expenses were incurred for medical procedures performed months after the accident, where there is no indication that the patient was referred by an initial attending physician, and where the expenses do not appear to be related to the accident.

■ Though not cited by the parties and not discussed in *Avery*, we conclude that this issue is controlled by statute. Specifically, the statute provides as follow:

> (a) Upon the trial of any civil case involving injury, disease, or disability, the patient, a member of his family, or any other person responsible for the care of the patient shall be a competent witness to identify doctor bills, hospital bills, ambulance service bills, drug bills, and similar bills for expenses incurred in the treatment of the patient upon a showing by the witness that such bills were received from a licensed practicing physician, hospital, ambulance service, pharmacy, drug store, or supplier of therapeutic or orthopedic devices, and that such expenses were incurred in connection with the treatment of the injury, disease, or disability involved in the subject of litigation at trial.

> (b) Such items of evidence need not be identified by the person who submits the bill, and it shall not be necessary for an expert witness to testify that the charges were reasonable and necessary.

Ark. Code Ann. § 16-46-107 (Repl. 1999). The statute provides that if a patient shows that she received medical bills from a provider of medical services and that such expenses were incurred in connection with the treatment of the injury that is the subject of the litigation, then she is considered a competent witness to identify the medical bills. Further, testimony from an expert witness regarding the reasonableness and necessity of medical expenses is not required.

■ ■ In applying this statute to the facts presented here, we note that appellee, who was the patient, testified that she received the bills from providers of medical services and that the expenses were incurred as a result of the accident. Because appellee's testimony mirrored the statutory requirements, she was competent to testify regarding the medical expenses. Further, expert testimony was not required to establish that the charges were reasonable and necessary. The Arkansas Supreme Court has stated that it is within the trial judge's discretion to decide whether an injured party has laid a sufficient foundation to testify about the amount of certain medical expenditures. *Blissett v. Frisby*, 249 Ark. 235, 247-48, 458 SW.2d 735, 742 (1970). Given the evidence presented here, we cannot conclude that the trial court abused its discretion in permitting appellee to testify regarding the medical bills or in admitting them into evidence, as appellee's testimony met the requirements of the statute.

Affirmed.

ROBBINS and BAKER, JJ., agree.